1
2
3
4
5
6
7
8

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN JOSE DIVISION

12   LOGAN ANDERSON,                                        )   Case No. 5:14-cv-01759-PSG
                                                            )
13                              Plaintiff,                  )   **ORDER DENYING MOTION TO**
                                                            )   **DISMISS**
14          v.                                              )
                                                            )   **(Re: Docket Nos. 13)**
15   MANDANA POUR (d.b.a. QUALITY AUTO                      )
     TRANSPORT); REINDEER LOGISTICS, INC.                   )
16   (a.k.a. Reindeer Auto Relocation); BRISTOL             )
     GLOBAL MOBILITY,                                       )
17                                                          )
                                Defendants.                 )
     _____)

18          Plaintiff Logan Anderson needed to get his prized 1972 Camaro from New York to

19   California.  And so he contracted with Defendant Reindeer Logistics and its carriers Mandana Pour

20   and Bristol Global Mobility to make it so.  The car eventually arrived, but it was late and

21   significantly damaged.  After Anderson complained, Reindeer offered to settle, but Anderson

22   found the offer lacking and refused.   Anderson then filed this suit, alleging that Pour had violated

23   the Carmack Amendment to the Interstate Commerce Act and that Reindeer and Bristol are liable

24   under California law.  In response to Reindeer's motion to dismiss based on preemption,[1] the court

25

26

27   _____
     [1] *See* Docket No. 19.

28
                                                   1
     Case No. 5:14-cv-01759-PSG
     ORDER DENYING MOTION TO DISMISS

United States District Court
For the Northern District of California

holds that Anderson may pursue his claim under California law that Reindeer violated the contract's implied covenant of good faith and fair dealing.[2]

## I.

In enacting the Interstate Commerce Commission Termination Act of 1995,[3] Congress continued the work of deregulation it launched with the Airline Deregulation Act of 1978.[4] Reflecting Congress' concern with conflicting state regulations that it saw as undue burden on interstate commerce, the ICCTA provides includes a broad preemption provision that had been part of the Federal Aviation Administration Authority Act passed by Congress in 1994.[5]  But preemption under the FAAAA and thus the ICCTA still permit state laws and claims affecting carrier services "in only a tenuous, remote or peripheral … manner."[6]

As with the FAAAA, preemption under ICCTA is codified at 49 U.S.C. § 14501(c)(1). That section provides that "a State ….may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier .... with respect to the transportation of property."[7]  As relevant here, the ICCTA defines "transportation" as "including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property."

Reindeer is in the auto relocation business.  Having secured a new job in California, Anderson contracted with Reindeer to ship his Camaro from New York.  After a Reindeer agent

---

[2] *See* Docket No. 28.

[3] 49 U.S.C. § 11501(h)(1).

[4] *See* 92 Stat. 1705.

[5] *See White v. Mayflower Transit, LLC*, 543 F.3d 581, 584 (9th Cir. 2008); *see also Smallwood v. Allied Van Lines, Inc.* Case No. 09-56714, 2011 WL 4927404, at *3 (9th Cir. Oct. 18, 2011); 49 U.S.C. § 11501(h)(1).  *See Mastercraft Interiors, Ltd. v. ABF Freight Sys., Inc.*, 284 F.Supp.284, 285 (D.Md. 2003);  *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*, 972 F.Supp. 665, 668 (N.D.Ga.1997).

[6] *Rowe v. New Hampshire Motor Transp. Assn.*, 552 U.S. 364, 371 (2008).

[7] 49 U.S.C. § 14501(c)(1).

2

Case No. 5:14-cv-01759-PSG
ORDER DENYING MOTION TO DISMISS

1    picked it up from Anderson's New York home,[8]  the Camaro arrived in California five days late.

2    When it arrived it was "extremely damaged," with the paint chipped in multiple places and the

3    weather stripping hanging out of a side door.  The driver  who delivered the car explained that he

4    had caused some of the damage to the vehicle.[9]  Anderson then contacted Reindeer to complain of

5    the damage and to seek compensation.  In response, Reindeer offered Anderson a total of $150.00

6    as "a gesture of good will" to settle the claim.  After Anderson presented estimates from various

7    body shops in amounts of approximately $25,000, Reindeer upped its offer of settlement to

8    $1,533.92.

9         Still not satisfied, Anderson sued.  Anderson's complaint alleges that Reindeer, Pour and

10   Bristol are in a joint venture or joint enterprise and are all jointly liable for all of the conduct

11   alleged in the complaint.[10]  According to Anderson, "per the agreement between Plaintiff and

12   Defendant Reindeer, Reindeer agreed to facilitate any claim for damage for property caused in

13   transit and generally to act as liaison between Plaintiff and the motor carrier."[11]  In addition to his

14   other claims, Anderson specifically alleges that Reindeer tortuously breached the implied duty of

15   good faith and fair dealing by representing to Plaintiff that he was entitled to recover only a "small

16   fraction" of what he was owed and by denying or delaying the proper administration of his claim

17   through manipulation and bullying tactics.[12]  Anderson seeks from Reindeer both compensatory

18   damages for repair of his car and compensation for emotional distress, as well as punitive

19   damages.[13]

20

21

22   [8] *See* Docket No. 1 ¶ 15.

23   [9] *Id.* ¶ 21.

24   [10] *See id.* ¶ 10

25   [11] *Id.* ¶ 33

26   [12] *Id.* ¶¶36, 38.

27   [13] *See id.* at 8-9.

28                                                           3

1    Reindeer now seeks dismissal of the tortious breach claim pursuant to Fed. R. Civ. P.

2    12(b)(6).

3                                        **II.**

4    Anderson and Reindeer consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §

5    636(c) and Fed. R. Civ. P. 72(a).[14]  For the purposes of Reindeer's Rule 12(b)(6) motion, unless

6    otherwise noted, the court must draw the necessary facts from Anderson's complaint  and accept

7    them as true.  But if Anderson fails to proffer "enough facts to state a claim to relief that is

8    plausible on its face," the complaint must be dismissed for failure to state a claim upon which relief

9    may be granted.[15]

10   Reindeer is right that the ICCTA's broad definition of regulated "transportation" and its

11   express preemption of state law with respect to any carrier or broker "service" clearly reflects the

12   supremacy of federal law over state law in the area of intrastate or interstate transportation.  But in

13   reviewing the same relevant language in the ADA, the Supreme Court has only recently

14   emphasized that breadth "does not mean the sky is the limit."[16]  Where exactly a plausible claim

15   ends and the sky begins is not always clear.  But here it is; Anderson has met his pleading burden.

16                                       **III.**

17   To avoid liability under state law based on preemption under Section 14501(c)(1), a

18   defendant must establish that a plaintiff's claim "relates to … service of any motor carrier .... with

19

20

21

22

23

24   [14] *See* Docket Nos. 7, 13.

25   [15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when
26   the pleaded factual content allows the court to draw the reasonable inference that the defendant is
27   liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

28   [16] *Dan's Used Cars, Inc. v. Pelkey*, 133 S.Ct. 1769, 1778 (2013).

4

Case No. 5:14-cv-01759-PSG
ORDER DENYING MOTION TO DISMISS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

respect to the transportation of property."[17]   On the face of Anderson's complaint, Reindeer's challenge to Anderson's tortious breach claim fails this test.

   *First*, Anderson's claim targets Reindeer's actions after transportation of the Camaro was complete.  The claim specifically focuses on Reindeer's role as a liaison between Anderson and the motor carrier and his representations as liaison that Anderson was not owed any compensation.[18] In *Pelkey*, the Supreme Court explained that "transportation" as used in the express preemption clause is further defined in relevant part as "services related to th[e] movement" of property."[19] Because Pelkey's claims targeted activities after the movement of his property had ended, including "storage of Pelkey's car after the towing job was done," the claims did not involve "transportation" within the meaning of the preemption clause.[20]

   Here, Anderson's tortious breach claim similarly does not target Reindeer's activities during the Camaro's transportation from New York.  The claim instead focuses on Reindeer's processing of Anderson's claim after the Camaro was no longer in transit.

   *Second*, Reindeer's litany of cases dismissing various state law claims as preempted by the ICCTA is unavailing.[21]   Those cases all predate *Pelkey* and its hard line on post-transit activities or consider the ADA, not the ICCTA, which does not include the key "with respect to the transportation of property" restriction.

---

[17] 49 U.S.C. § 14501(c)(1).

[18] *See* Docket No. 1 ¶¶ 33, 36-38.

[19] *See Pelkey*, 133 S.Ct. at 1778.

[20] *Id.* at 1779.

[21] *See, e.g. Yellow Trans., Inc. v. DM Transp. Mgmt. Serv., Inc.*, Case No. 06DCV1517-LDD, 2006 U.S. Dist. LEXIS 51231, 2006 WL 2871745, at *4 (E.D. Pa. July 14, 2006); *Thermal Techs., Inc. v. United Parcel Serv., Inc.*, No. 08-CV-102-GKF-FHM, 2008 U.S. Dist. LEXIS 90243, 2008 WL 4838681, at *9 (N.D. Okla. Nov. 5, 2008); *All World Prof'l Travel Servs., Inc. v. Am. Airlines, Inc.*, 282 F.Supp.2d 1161, 1169 (C.D. Cal. 2003).

Case No. 5:14-cv-01759-PSG
ORDER DENYING MOTION TO DISMISS

United States District Court
For the Northern District of California

1   Reindeer makes much of the fact that as a transportation broker its activities were

2   "inextricably intertwined" with the transportation of Anderson's Camero.  Under the Carmack

3   Amendment, a "broker" is defined as "a person, other than a motor carrier ... that as a principal or

4   agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or

5   otherwise as selling, providing, or arranging for, transportation by motor carrier for

6   compensation."[22]  Brokers of course do not enjoy a blanket exemption under the Carmack

7   Amendment. [23]  While it may be true that certain broker activities are exempted, Anderson pleads

8   his claim to focus exclusively on those activities which took place after the service provided by the

9

10  motor carrier ended.  Under *Pelkey*, such pleading is enough to take the claim outside the scope of

11  preemption under Section 14501(c)(1).

**IV.**

12

13  Reindeer's Motion to Dismiss the Second Cause of Action is DENIED.

14  **IT IS SO ORDERED.**

15  Dated: November 4, 2014

16

17  _____
    PAUL S. GREWAL
18  United States Magistrate Judge

19

20

21

22
_____

[22] *Chubb Group of Ins. Companies v. H.A. Transp. Systems, Inc.*, 243 F.Supp.2d 1064, 1069 n.4
23  (quoting 49 U.S.C. § 13102(2)).

24  [23] *See, e.g.*, *Taylor v. Allied Van Lines*, Case No. cv-08-1218-PHX-GMS, 2008 WL 5225809, at
    *3–4 (D. Ariz. Dec. 15, 2008) ("the Carmack Amendment was not intended to preempt all actions
25  against non-carrier entities arising out of the interstate shipment of goods); *Buchanan v. Neighbors
    Van Lines*, Case No. 10-6206-PSG (RCx), 2011 WL 5005769, at *7 (C.D. Cal.  Oct. 20, 2011)
26  (holdling that plaintiff's state law claims against broker for negligent hiring, fraud, breach of
    contract, and violation of California Business and Professions Code section 17200 are not
27  preempted by federal law).

28

6