UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOGAN ANDERSON, <br><br> Plaintiff, <br><br> v. <br><br> MANDANA POUR, et al., <br><br> Defendants. | Case No. 5:14-cv-01759-PSG <br><br> **ORDER DENYING REQUEST TO CERTIFY** <br><br> **(Re: Docket No. 36)** |

Pursuant to 28 U.S.C. § 1292(b), Defendant Reindeer Logistics, Inc. seeks leave to file an interlocutory appeal of this court's order denying Reindeer's motion to dismiss.[1] Specifically, Reindeer contends that the issue of whether a cause of action for tortious breach of the implied duty of good faith is preempted by the Interstate Commerce Commission Termination Act of 1995 (ICCTA) is one of first impression that should be immediately reviewed by the Ninth Circuit. Because this court finds that the issue at hand fails to meet the Ninth Circuit's "exceptional situation" requirement, Reindeer's request is DENIED.

**I.**

This case is about Plaintiff Logan Anderson's car. The car allegedly was damaged during transport from New York to California during the summer of 2013. Anderson brought claims of tortious breach of the implied duty of good faith and breach of contract against Reindeer—who

---

[1] *See* Docket No. 32.

1

Case No. 5:14-cv-01759-PSG
ORDER DENYING REQUEST TO CERTIFY

served as the transportation broker.  Reindeer sought dismissal based on the contention that the tortious breach of the implied duty of good faith is preempted by the ICCTA.  This court denied the motion to dismiss, finding that because Reindeer's alleged conduct occurred after the vehicle had been delivered, it was no longer within the contours of the ICCTA.[2]  Reindeer seeks leave to appeal immediately on the basis that the issue presented is highly contested and one of first impression in this district, and that dismissal of the claim would significantly expedite the litigation.

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

To certify an interlocutory appeal under 28 U.S.C. § 1292(b), the court must find: "(1) that there [is] a controlling question of law, (2) that there [are] substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."[3]  "[T]his section [is] to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."[4]

*First*, Reindeer contends that an order dismissing the tortious breach of the implied duty of good faith would significantly limit the damages available for a breach of contract claim, thereby facilitating the resolution of the case.  An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court."[5]  But limiting the damages in a breach of contract claim cannot be the kind of "controlling question of law" that the Ninth Circuit contemplated in providing guidance to district courts on whether to certify an interlocutory appeal.

---

[2] *See id.*

[3] *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982).

[4] *Id.*

[5] *Id.*

As Anderson points out, limiting the scope of non-contract damages would not narrow the realm of discovery, witnesses, experts or motion practice.[6] And Reindeer fails to show any other kind of efficiency that might come out of an early appeal process. On this record, it seems that allowing an interlocutory appeal might actually increase—rather than decrease—the cost of litigation.

*Second*, Reindeer argues that this court's ruling resulted in a conflict of authority, citing cases from this circuit that suggest "substantial grounds for difference of opinion may exist where there is a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits"[7] and that "courts must examine to what extent the controlling law is unclear."[8] But Reindeer has failed to show how the case law is unclear. The Supreme Court was clear in *Dan's City Used Cars Inc. v. Pelkey* that the Carmack Amendment no longer governs once the property is no longer in transit.[9] And even if no clear precedent existed, the standard for finding "substantial grounds for difference of opinion" where there is no robust case law is permissive and not required. The case law may not speak to certain issues because they are undisputed and infrequently contested in a court setting. A "dearth of precedent" is necessary but not sufficient to satisfy Section 1292(b).

*Third*, Reindeer offers no evidence that an immediate appeal would advance the ultimate termination of the litigation. While Reindeer objects to Anderson's characterization that the appeal must result in the termination of the litigation, Reindeer seems to misunderstand Anderson's position. Rather, the court understands Anderson to take the position that an immediate appeal would not in any way expedite the final resolution of the case. The underlying purpose of Section 1292(b) is to save time and expense where possible.[10] But here, especially in light of Reindeer's

---

[6] *See, e.g.*, *Astiana v. Dreyer's Grand Ice Cream, Inc.*, Case No. 11-cv-02910, 2012 WL 4892391, at *4 (N.D. Cal. Oct. 12, 2012).

[7] *Racheria v. Salazar*, Case No. 07-cv-02681, 2010 U.S. Dist. LEXIS 23317, *38-39 (N.D. Cal. Feb. 23, 2010).

[8] *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

[9] *See* 133 S. Ct. 1769, 1778 (2013).

[10] *See CornerStone Staffing Solutions, Inc. v. James*, Case No. 12-cv-01527, 2014 WL 1364993, at *2 (N.D. Cal. Apr. 7, 2014).

3
Case No. 5:14-cv-01759-PSG
ORDER DENYING REQUEST TO CERTIFY

representation that at best an immediate appeal would result in a more narrowed scope of damages, the court can see no way in which certifying the requested appeal would be appropriate.

The request for certification is DENIED.

**SO ORDERED.**

Dated: January 23, 2015

                                               PAUL S. GREWAL
                                               United States Magistrate Judge